# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE COFFIN, on behalf of herself and all other aggrieved employees,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MAGELLAN HRSC, INC.,<br><br>　　　　　　　　Defendant. | Case No. 19-cv-2047-BAS-NLS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 16]** |

In September 2019, Plaintiff Christie Coffin filed a complaint against Defendant Magellan HRSC, Inc. in California state court. (ECF No. 1-3.) The complaint alleges violations of the California Private Attorney General's Act, California Labor Code sections 2689 *et seq.* Magellan removed the case to this Court pursuant to 28 U.S.C. § 1332(a). Plaintiff now moves for remand. ("Mot.," ECF No. 16.) Magellan filed an opposition to the Motion, ("Opp'n," ECF No. 26), to which Plaintiff replied, ("Reply, ECF No. 28).

The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion to Remand.

## I. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff works for Magellan in a non-exempt capacity as a senior care manager. ("Compl.," ECF No. 1-3, ¶ 10.) At all relevant times, Magellan had a policy where it did not compensate its California non-exempt care managers and/or senior care managers with overtime wages equal to 1 ½ times the employees' regular rate of pay for all hours worked in excess of 40 hours in a week or 8 hours in a work day. (*Id.* ¶ 11.) Also at all relevant times, Magellan did not provide its employees with an accurate itemized wage statement telling them the number of hours worked, the appropriate rate of pay for the hours, and detailing any overtime compensation. (*Id.* ¶ 12.) Therefore, Plaintiff, on behalf of herself and other employees who worked as care managers and/or senior care managers, brings this action pursuant to the California Private Attorneys General Act ("PAGA") (California Labor Code § 2698 *et seq.*). Plaintiff alleges violations of Labor Code sections 201, 202, 203, 204, 206, 226(a), 510, 1198, and IWC Wage Order No. 4, California Code of Regulations title 8, section 11090 ("Wage Order No. 4"). (*Id.* ¶ 13.)

Magellan removed this case pursuant to diversity jurisdiction.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

---

[1] Plaintiff submitted evidentiary objections as part of her Motion to Remand. (ECF No. 16-2.) Plaintiff objects to two declarations that Magellan attached to its Notice of Removal. The declarations relate to Magellan's contention regarding Plaintiff's attorney's fees. The Court did not consider the declarations in evaluating the present Motion, thus, the evidentiary objections are denied as moot.

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The propriety of removal turns on whether the case could have originally been filed in federal court, *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997), and the court's analysis focuses on the pleadings "as of the time the complaint is filed and removal is effected," *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

**III. ANALYSIS**

Diversity jurisdiction exists where an action is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff argues neither requirement is met.

**A. Claim Splitting**

Magellan's first argument is that this case is removable because Plaintiff acted in bad faith in filing it. ("Removal Notice," ECF No. 1, ¶ 29.) Plaintiff currently has two cases pending before this Court, and Magellan argues Plaintiff has impermissibly "split" one cause of action into the two suits. (*Id.* ¶ 35); *see Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) ("A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action."). In Plaintiff's other case, she and two other plaintiffs bring causes of action against Magellan for violations of the California Labor Code for failure to pay wages, failure to pay overtime compensation, and failure to furnish accurate itemized wage

statements. (*"Coffin I,"* 19-cv-1337-BAS-NLS.) Magellan requests the Court consolidate the two cases. (Opp'n at 3; *see also* ECF No. 12 (motion to consolidate).)

Under some circumstances, Federal Rule of Civil Procedure 42 authorizes consolidation of actions pending before a federal district court. *See* Fed. R. Civ. P. 42. Consolidation is distinct from subject matter jurisdiction. Subject matter jurisdiction is a fundamental constitutional requirement and cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). "Generally a court cannot consider a motion to consolidate where the court does not have subject matter jurisdiction over the case." *Alvandi v. CVS Pharmacy, Inc.*, No. CV 15-1503-AB (AGRx), 2015 WL 3407899, at *4 (C.D. Cal. May 27, 2015); *Fed. Nat. Mortg. Ass'n v. Lemon*, No. CV 11-3948 DDP (FFMx), 2011 WL 3204344, at *3 (C.D. Cal. July 26, 2011) ("Federal Rule of Civil Procedure 42 allows the court to consolidate actions with a common question of law or fact that are properly before the court. . . . As the court does not have subject matter jurisdiction over the complaint, the court cannot consolidate this action as requested by Defendant with [the other] matter."). The exception to this rule is when plaintiffs try to "game the system" by artificially splitting their claims and filing separate state actions when there is "no colorable basis" for dividing up the claims "other than to frustrate CAFA." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 408–09 (6th Cir. 2008). Courts in this circuit have recognized *Freeman* but noted the narrow exception the case established. *See Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 955 (9th Cir. 2009); *Alvandi*, 2015 WL 3407899, at *4; *Site Mgmt. Sols., Inc. v. TMO CA/NV, LLC*, No cv 10-679 MMM (JEMx), 2011 WL 1743285, at *4 (C.D. Cal. May 4, 2011); *Royalty Alliance, Inc. v. Tarsadia Hotel*, No. 09-cv-2739 DMS (CAB), 2010 WL 3339202, *3 (S.D. Cal. Aug. 23, 2010).

Here, while Magellan argues that Plaintiff has engaged in improper claim-splitting (Opp'n at 3), it does not convincingly argue that Plaintiff did so to frustrate CAFA. It is unclear to the Court exactly why Plaintiff filed two separate complaints

rather than add her PAGA claim to her first complaint,[2] but Plaintiff does not dispute that *Coffin I* is properly in this Court, therefore, she does not appear to be attempting to stay out of federal court (or avoid CAFA) entirely. (*See Coffin I*, ECF No. 1 (Magellan's removal pursuant to CAFA).) The Court is sympathetic to Magellan's plight in having to defend itself against Plaintiff in two separate courts, but, without evidence of a clear attempt by Plaintiff to frustrate CAFA, the Court declines to apply the *Freeman* exception and evaluate consolidation before analyzing the propriety of subject matter jurisdiction.

And, the Court further notes that it cannot assert supplemental jurisdiction over this case to connect it to the other case. Section 1367(a) "does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction." *Bank of New York Mellon v. Palmer*, No. 1:17-cv-00707-DAD-SKO, 2017 WL 2791662, at *2 (E.D. Cal. June 28, 2017); *see also Qualxserv, Inc. v. Alvarez*, No. C 06-05956 JSW, 2007 WL 608121, at *1 (N.D. Cal. Feb. 23, 2007) ("The language of section 1367 'requires that the supplemental jurisdiction be exercised in the *same case*, not a *separate* or *subsequent* case.'").

The Court now turns to the two requirements of diversity jurisdiction.

### B. **Complete Diversity**

"When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). Complete

---

[2] PAGA provides a statutory right to amend a prior pleading to add a PAGA claim. Cal. Labor Code § 2699.3(C) ("Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."). It appears that Plaintiff originally intended to do so, as evidenced by the *Coffin I* complaint which states, "Plaintiffs will amend this complaint to allege a claim for civil penalties pursuant to California Labor Code sections 210 and/or 2699(f) upon satisfaction of the notice requirements prescribed by the California Labor Code." (*Coffin I*, ECF No. 1-3, ¶ 55.)

diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When removing a case, defendants are "merely required to allege (not to prove)" the citizenship of the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"In assessing diversity jurisdiction, courts look to the real parties to the controversy." *Lewis v. Clarke*, 137 S. Ct. 1285, 1295 (2017) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 460; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 191–92 (1990) (explaining the "real party to the controversy" approach has been used to determine whose citizenship should be considered for diversity jurisdiction—not to determine whether a specific party is a citizen).

Plaintiff provides that she is a citizen of California. (Compl. ¶ 1.) Magellan provides that it is not and was not at the time this action was commenced, a citizen of California. (Removal Notice ¶ 14.) It is a corporation organized and existing under the laws of the state of Ohio with its headquarters and principal place of business located in Columbia, Maryland. (*Id.*) Therefore, Magellan contends that there is complete diversity. However, Plaintiff argues that the Court must consider the citizenship of the State of California—"the real party in interest"—not the citizenship of Coffin, who is only "the State's nominal plaintiff and proxy." (Mot. at 12.)

In support of her argument, Plaintiff relies on *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013), where the Ninth Circuit was faced with the question of "whether the penalties recoverable on behalf of *all* aggrieved employees may be considered in their totality to clear the jurisdictional hurdle" of the $75,000 amount in controversy. In that case, the defendant argued that Urbino's interest was not individual but "the state's collective interest in

enforcing its labor laws through PAGA." *Id.* Thus, the defendant argued for aggregation because there was a single plaintiff aggregating multiple of his own claims against a single defendant, which is allowed to satisfy the amount in controversy requirement. *Id.* The Ninth Circuit held:

> To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a 'citizen' for diversity purposes."

*Id.* at 1122–23 (citing *Navarro*, 446 U.S. at 461 (stating courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy")). Plaintiff also points to another Ninth Circuit case, *Baumann v. Chase Investment Services Corp.*, 747 F.3d 1117 (9th Cir. 2014), for the proposition that the named plaintiff in a PAGA action—who steps in the shoes of the State of California as a deputized attorney general—is a nominal party. (Reply at 8); *see Baumann*, 747 F.3d at 112 ("PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency.").

But other courts have pointed out that *Urbino* and *Baumann* "do not stand for the proposition that in PAGA actions, California is a 'real party to the controversy' whose presence destroys diversity." *Solis v. Dunbar Armored, Inc.*, No. 17-cv-2193 DMS (JLB), 2018 WL 259200 at *2 (S.D. Cal. Jan. 2, 2018). The statement in *Urbino* was made "in the context of a discussion about whether the portion of individual PAGA penalties which inure to the state could be aggregated and counted towards the amount in controversy requirement for purposes of conferring diversity jurisdiction." *Id.* Courts note that *Urbino* does not stand for the proposition that "the state is always an actual party in all PAGA actions, such that federal courts could never exercise diversity jurisdiction over PAGA claims." *Olson v. Michaels Stores, Inc.*, No. CV1703403ABGJSX, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) (citing cases); *see also Prestwood v. Marriott Ownership Resorts, Inc.*, No. SACV

19-766 AG (SSx), 2019 WL 2522674, at *2 (C.D. Cal. June 18, 2019) (holding "courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases" and that *Urbino* was "considering a different question"); *Solis*, 2018 WL 259200 at *2 (finding that neither *Urbino* nor *Baumann* "holds that in PAGA actions the state is always an actual party or that a representative plaintiff is always a nominal party, thereby precluding diversity jurisdiction").

This Court agrees with these decisions and does not read *Urbino* or *Baumann* to support Plaintiff's proposition. Considering the citizenship of Plaintiff (California) and Magellan (Ohio and Maryland), the Court finds there is complete diversity.

### C. Amount in Controversy

In her complaint, Plaintiff details that she and other similarly situated aggrieved employees

> are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code sections 201, 202, 203, 204, 206, 226(a), 510, 1198, and Wage Order No. 4.

(Compl. ¶ 14.) Plaintiff also seeks attorney's fees and costs. (*Id.* at Prayer for Relief.) Plaintiff contends that her maximum recovery in this case, including her individual PAGA penalties and her pro-rata share of a reasonable attorney's fees, is $5,687.50. (Mot. at 7.) Magellan disagrees. "Where, as here, 'it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled,' the 'removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Urbino*, 726 F.3d at 1121–22 (citations omitted).

For purposes of calculating the maximum amount in controversy, Plaintiff

acquiesces "that PAGA penalties may be 'stacked' for each of the four Labor Code violations applicable to her individual claim (e.g., Labor Code sections 204, 206, 226(a), and 510/1198.)." (Reply at 7); *see Salazar v. PODS Enters., LLC*, No. EDCV 19-260-MWF (KKx), 2019 WL 2023726, at *6 (C.D. Cal. May 8, 2019) (noting that many district courts have allowed the stacking of PAGA penalties in determining the amount of controversy in an individual action).

Magellan calculates 33 pay periods in which Plaintiff was paid during the relevant time period. (Removal Notice ¶ 18.)[3] Plaintiff does not contest this. (Mot. at 6.) In sum, Magellan calculates the total potential liabilities for PAGA penalties to be $42,100. (Removal Notice ¶ 23.) Magellan adds to this amount what it believes will be at least "6 figures" in attorney's fees and arrives at an amount in controversy of $142,100. (*Id.* ¶ 28.)

Although the parties disagree over a number of issues, the most important one is aggregation of the penalties. PAGA requires that any penalties assessed against a defendant "be distributed as follows: 75 percent to the Labor and Workforce Development Agency [("LWDA")]. . . and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i). Under Ninth Circuit precedent, all aggrieved employees' PAGA penalties may not be aggregated to meet the minimum amount in controversy requirement. *Urbino*, 726 F.3d at 1122. However, the issue is whether the court can aggregate an individual plaintiff's share (25%) with the share that goes to the state (75%).

Many courts have analyzed this question. *See Proctor v. Helena Agri-*

---

[3] To explain this calculation, Magellan provides,
> California law currently applies a one-year statute of limitation to PAGA claims, with an additional 65 day tolling period, for the period a plaintiff must wait for LWDA to provide notice about whether a plaintiff may pursue a civil action. Using the one year and 65 day statute of limitations, Plaintiff's PAGA claim goes back to July 15, 2018 (or one year and 65 days before Plaintiff filed her Complaint on September 18, 2019) and run through today, October 25, 2019. There are approximately 33 pay periods in which Plaintiff was paid during that time period.

(Removal Notice ¶ 18.)

*Enterprises, LLC*, No. 18-CV-2834 JLS (NLS), 2019 WL 1923091, at *2 (S.D. Cal. Apr. 30, 2019) (noting the split of authority on this question). The *Proctor* court noted that although the issue is undecided, most courts only consider the plaintiff's portion of the 25% that aggrieved employees may recover in calculating the amount in controversy. *Id.* It found this approach to be more persuasive, as there is "no logical reason for [c]ourts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." *Id.* (quoting *Sloan v. IGH Mgmt (Md.) LLC*, No. CV 19-21-DMG (JCX), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019)); *see also Adame v. Comtek Logistics, Inc.*, No. EDCV 15-2232 DDP (KKx), 2016 WL 1389754, at *6 (C.D. Cal. Apr. 7, 2016) (finding more persuasive the cases that did not aggregate the state's share with the aggrieved employee's share).

This Court agrees with this analysis and finds it sound. The majority of courts consider only the plaintiff's portion of the award, and the Court finds no reason to stand with the outliers. Further, as one court pointed out, "since the matter is unclear, the Court finds that the presumption against diversity jurisdiction also weighs in favor of remand." *Adame*, 2016 WL 1389754, at *6. The Court agrees and therefore will only consider Plaintiff's portion of the 25% that aggrieved employees may recover. Even if the Court were to use Defendant's highest calculation which combines penalties for all alleged Labor Code violations ($42,100) and take 25% of this number ($10,525), this falls far below the $75,000 threshold.

Further, adding attorney's fees does not raise the amount above the threshold. PAGA provides that "[a]ny employee who prevails in any [PAGA] action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699(g)(1). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

1998). Courts may exercise their discretion to choose between the lodestar and percentage method in calculating fees. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). Under the percentage method, the Ninth Circuit has established that 25% is the benchmark award for attorney's fees in a common fund case. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see Hernandez v. Dunbar Armored, Inc.*, No. 18-cv-1046 JLS (LL), 2019 WL 1324743, at *4 (S.D. Cal. Mar. 25, 2019) (noting that district courts assume a benchmark fee award of 25% in cases similar to this one). Even assuming, as some district courts have, a benchmark fee award of 25%, and even using 25% of Defendant's highest calculation ($42,100), this would only double the amount in controversy from $10,525 to $21,050. This falls far below the diversity jurisdiction threshold.

Therefore, the Court finds that Magellan has not met its burden in establishing that the amount in controversy exceeds the jurisdictional threshold. The Court lacks subject matter jurisdiction over this case.

### IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego. The Court also **DENIES AS MOOT** Magellan's Motion to Stay (ECF No. 15) and Motion to Consolidate (ECF No. 12). Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge